## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NXT, INC., an Oklahoma corporation,

*Movant*,

vs.

Case No. 12-mc-111-EFM

Aerodata Systems, LLC formerly Aerodata
USA, LLC, as part of the Aerodata Group,

*Respondent.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Movant NXT, Inc.'s Motion to Enforce Non-Party Subpoena to Produce Documents (Doc. 1).   The issue is whether nonparty Aerodata Systems, a subsidiary of nonparty Aerodata AG, must produce documents in response to a subpoena.  Finding that NXT fails to meet its burden in establishing that Aerodata Systems has possession, control, or custody of the documents sought, the Court denies Movant's motion.

### *Factual and Procedural Background*

NXT, Inc. ("NXT"), an Oklahoma corporation, agreed to outfit, test, and deliver to Korea a Cessna jet aircraft according to Korea's detailed written specifications. NXT believes that it fully performed its duties, but Korea failed to perform its obligations when it refused to accept the aircraft. Thus, NXT filed suit against the Republic of Korea, and its Civil Aviation Safety Authority and Public Procurement Service (collectively "CASA") in Oklahoma alleging breach of contract and

fraud claims.[1] The Oklahoma lawsuit has been proceeding for several years.

Aerodata Systems, LLC ("Aerodata Systems") is a Kansas entity. It is a subsidiary of a German parent company, Aerodata AG. The Kansas Secretary of State's website indicates that Aerodata AG is the sole member and managing member of Aerodata Systems. Neither Aerodata Systems nor Aerodata AG are involved in the Oklahoma lawsuit.

NXT served a non-party subpoena on Aerodata Systems in May 2012. It sought documents concerning Aerodata AG's alleged business relationship and dealings with Korea. These business dealings included the sale or lease of two aircraft from Aerodata AG to Korea. Aerodata Systems responded by stating that it did not have any documents responsive to NXT's subpoena. In addition, Aerodata Systems objected to the request by stating that Aerodata AG and Aerodata Systems were separate entities, and NXT should serve the subpoena on Aerodata AG if it sought Aerodata AG's records.

Unable to resolve the dispute as to whether Aerodata Systems was obligated to respond to NXT's subpoena, NXT filed this Motion to Enforce Non-Party Subpoena to Produce Documents. Both parties briefed the issue, and the Court held a hearing on August 27, 2012.

### Discussion

Pursuant to Federal Rules of Civil Procedure 34 and 45, a party may seek documents from a nonparty.[2]  The party seeking the production of documents bears the burden of establishing that

---

[1] Case No. 10-cv-00561-W. The case was originally filed in the district court of Oklahoma County, but it was removed to the United States District Court for the Western District of Oklahoma on May 27, 2010. There are several other named Defendants, including the Bank of Oklahoma and JP Morgan Chase Bank.

[2] *See* Fed. R. Civ. P. 34(c) (stating that "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); Fed. R. Civ. P. 45(a)(1)(C) (providing that "[a] command in a subpoena to produce documents . . . requires the responding party to permit inspection, copying, testing, or sampling of the materials."). *See also* Fed. R. Civ. P. 45(a)(1)(A)(iii) (stating that the subpoena must "command each person to whom it is directed to . . . produce designated documents . . . in that person's possession, custody, or control.")

the opposing party has possession, custody, or control of the documents.[3]  In this case, NXT seeks Aerodata AG's documents, and it is attempting to obtain these documents from its subsidiary, Aerodata Systems. Thus, NXT has the burden to prove that Aerodata AG's documents are within the possession, custody, or control of Aerodata Systems.

"[C]ourts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain documents on demand."[4]  In the circumstance in which documents are sought from a subsidiary, but are in the possession of the parent corporation, courts consider various factors when determining whether the subsidiary has "control" of the documents.[5] These factors may include whether the corporate veil should be pierced because of the alter ego doctrine; whether the subsidiary acted as an agent of the parent in the transaction giving rise to the underlying lawsuit; whether the

subsidiary could obtain the parent's documents to meet its own needs or for use in litigation; whether the subsidiary has access to the parent's documents in the ordinary course of business or when the need arises; and whether the subsidiary was the marketer and servicer of the parent's products.[6]  "[T]he nature of the transactional relationship between the subsidiary and parent [ ] is pivotal."[7]

---

[3] *See Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir. 1970).

[4] *Noaimi v. Zaid*, __ F.R.D. __, 2012 WL 1788135, at *2 (D. Kan. May 17, 2012) (citations omitted) (discussing possession, custody or control within the context of Fed. R. Civ. P. 34(a)).

[5] *See Camden Iron & Metal, Inc. v. Marubeni America Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991). Neither the Tenth Circuit nor the District of Kansas have addressed this specific issue.

[6] *Id.* at 441-42 (citing *Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue*, 839 F.2d 131, 140-41 (3d Cir. 1988)); *see also Addamax Corp. v. Open Software Found., Inc.*, 148 F.R.D. 462, 465 (D. Mass. 1993).

[7] *Addamax*, 148 F.R.D. at 467.

NXT contends that Aerodata Systems has possession, custody, or control of Aerodata AG's documents. It reaches this conclusion by arguing that Aerodata Systems and Aerodata AG are closely related because (1) Aerodata AG's website indicates that Aerodata Systems is part of the "Aerodata Group," (2) Aerodata AG is the only member, and the managing member, of Aerodata Systems, (3) Hans Stahl, President of Aerodata AG, signs Aerodata System's annual reports filed with the Kansas Secretary of State, and (4) Aerodata Systems presumably is able to obtain Aerodata AG's documents even if those documents were physically in Germany.

In response, Aerodata Systems provides an affidavit, in which Manfred Haverland, the administrative representative of Aerodata Systems, avers that the two companies are separate entities with distinct business focuses.[8] Mr. Haverland avers that Aerodata Systems does not have any involvement with Aerodata AG's work for, or contracts with, Korea. Aerodata Services does not market or service Aerodata AG's products in Korea. Aerodata Systems itself does not have a relationship with Korea. In addition, Mr. Haverland avers that Aerodata Systems does not have the need, nor does it access, any of Aerodata AG's documents in the ordinary course of business. Indeed, the two companies do not share computer servers. Thus, Aerodata Systems contends that there is no evidence that it has possession, control or custody of the documents that NXT seeks.

The Court agrees with Aerodata Systems that NXT fails to meet its burden in establishing that Aerodata Systems has possession, control, or custody of Aerodata AG's documents. The mere fact that two individuals, Mr. Haverland and Mr. Stahl, are officers in both Aerodata AG and Aerodata Systems is legally insufficient to demonstrate that the two entities operate as one and tp

---

[8] The fact that the parent and subsidiary may be operating as two separate entities is insufficient, standing alone, to defeat a finding of "control" by the subsidiary of the parent's documents if the relevant factors are otherwise met.

disregard their corporate formalities.[9]  In addition, NXT presents no evidence that Aerodata Systems

has access, or the ability to obtain, Aerodata AG's documents.  As noted above, Mr. Haverland avers

that Aerodata Systems does not have the need to access, nor does it access, Aerodata AG's

documents.

NXT does not meet its burden because it fails to demonstrate that Aerodata Systems was

involved in the transaction giving rise to the Oklahoma case. Nothing presented to the Court

indicates that Aerodata Systems and Aerodata AG act as one or that the nature of their transactional

relationship is such that they should be considered one entity, with respect to these issues. It is clear

that Aerodata Systems was a stranger to the matters involving Aerodata AG for which NXT seeks

discovery.

Moreover, NXT fails to explain how the documents sought from Aerodata AG relate in any

way to the Oklahoma lawsuit.  NXT speculates that  Aerodata AG or Aerodata Systems may be

involved in Korea's fraud or deceit against NXT due to the "coincidental timing" that NXT's

relationship with Korea broke down around the time that Aerodata Systems expressed interest in

acquiring NXT.  NXT's speculation fails to demonstrate that Aerodata AG, or Aerodata Systems,

was involved in any way with the transactions at issue in the Oklahoma lawsuit that NXT brings.

There simply is no evidence that there is a connection between Aerodata Systems, Aerodata AG, and

the transactions involved in the Oklahoma litigation such that Aerodata Systems should be required

to produce Aerodata AG documents in response to NXT's non-party business records subpoena. In

---

[9] During the hearing on August 27, Aerodata Systems' counsel indicated that Aerodata Systems' activity in Kansas is extremely limited, but the name is being preserved because the company believes that the entity may engage in some business in the future.  However, counsel for NXT denied that it was asserting an "alter ego" theory or seeking to pierce the corporate veil.

sum, NXT fails to demonstrate that Aerodata Systems has possession, control or custody of Aerodata AG's documents.

**IT IS ACCORDINGLY ORDERED** that Movant's Motion to Enforce Non-Party Subpoena to Produce Documents (Doc. 1) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 29th day of August, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE